## Aechternacht *against* Watmough.

The fee-bill is a penal statute. The dictum in 3 *P. R.* 523, that it is a remedial statute, corrected.

Amendments of the fee-bill suggested to prevent extortion.

To recover the penalty in the fee-bill, the narr. should state the particular service for which the officer took an illegal fee.

On a narr. charging generally that the defendant, for services done in his office of sheriff, on a writ of *fieri facias*, took other and greater fees than were allowed by Act of Assembly, the judgment was arrested.

ERROR to the Common Pleas of *Philadelphia* County.

This was an action of debt to recover a penalty, brought by Frederick A. Aechternacht against John G. Watmough, sheriff. The declaration averred that, on the 31st day of August, 1838, within six months next preceding the commencement of this suit, the said defendant then being high sheriff aforesaid, as such did demand and take from the said plaintiff a certain sum, to wit, the sum of five dollars, as fees for services done by the said defendant in his said office of sheriff, under and by virtue of a certain writ of *fieri facias*, which was issued out of the District Court for the city and county of Philadelphia, on the 16th day of August, 1838, and was numbered 116 of the Term of September, 1838, and which was issued, upon the suit of the Philadelphia Loan Company, against the said Frederick A. Aechternacht; which said sum, so demanded and taken by the said defendant, was other and greater fees than are, and at that time were, expressed and limited by the Act of the General Assembly of this commonwealth in such case provided for the services so done by the defendant in his said office; by which said demanding and taking the plaintiff was injured, and thereby an action has arisen by law to the said plaintiff, to recover fifty dollars from the said defendant; yet the defendant, though requested, hath not paid the same, but unjustly detains it.

And also for that on the said 31st day of August 1838, the said defendant then being sheriff as aforesaid, did as such demand and take from the said plaintiff a certain sum, to wit, the sum of $6.87 as fees for services done and rendered by the said defendant in his

[Aechternacht v. Watmough.]

said office of sheriff in and about a certain other suit, instituted in the District Court of the city and county of Philadelphia, and numbered 706, of the Term of September 1837, in which the Philadelphia Loan Company was plaintiff, and the said Frederick A. Aechternacht defendant, which said sum so demanded and taken was other and greater fees than were at that time expressed and limited by the Act of General Assembly of this Commonwealth for the services so done and rendered by the said John G. Watmough in his said office; by which said wrongful demanding and taking the said Frederick A. Aechternacht was injured, and thereby an action has arisen by law to the said Frederick A. Aechternacht to recover another sum or penalty of $50 from the said John G. Watmough, who, though requested, hath not paid, but unjustly detains the same: and therefore the plaintiff sues.

The defendant pleaded *nil debet*, and a verdict was rendered in favour of the plaintiff.

The defendant made a motion in the court below in arrest of judgment for the following reasons:

1. Because the narr. shows no cause of action.

2. Because the narr. does not specify the illegal fees for which the penalty was claimed.

3. Because the narr. does not set out the services for which the alleged illegal fees were taken or demanded.

4. Because the narr. does not set out the particulars of either the fees or services aforesaid.

5. Because said narr. was not at issue.

The judgment was arrested and motion by the plaintiff for a *venire facias de novo* refused.

Errors assigned:

1. The court below erred in arresting the judgment, inasmuch as the declaration was sufficient, after trial, to sustain the verdict.

2. In refusing to grant a *venire facias de novo*.

*Earle*, for the plaintiff in error.
*Williams*, contra.

The opinion of the Court was delivered by

Rogers, J.—If, as has been contended, the sheriff incurs a penalty by taking from a suitor a sum which in the aggregate is greater in amount than he is entitled to exact for the services performed, the court was wrong in arresting the judgment; otherwise the judgment must be affirmed. The pleader seems to have been under the impression that all that is necessary for the plaintiff to prove was, that the sum paid exceeded the fees allowed by the fee-bill for all the services performed by the officer in the execution of his duty. It was under this construction the narr. was framed. The declaration is very general, charging the offence to be in taking from the plaintiff, as fees for services done by the defend-

ant in his office of sheriff on a writ of *fieri facias*, other and greater fees than are allowed by the Act of Assembly. The plaintiff wholly omits to specify in his count the particular service for which the illegal fee was exacted. But that this form of declaration is erroneous, there can be no doubt; for the rule is, where a statute gives a remedy, the party seeking the remedy should under his plaint or information allege all the facts necessary to bring him within the statute. *Drum* v. *Simpson*, (2 *Mass.* 444). And where a penal statute gives no form of declaring, the plaintiff must set out specially the facts which constitute the offence. *Bigelow* v. *Johnson*, (13 *Johns.* 428).

The declaration sets out an offence, we think, not warranted by the Act. The sheriff is bound, in the execution of the duties of his office, to perform various services, for each of which he is entitled to a distinct fee; and the Act prescribes that no officer shall take greater or other fees than is expressed and limited for *any service* (in the singular number) to be done by him in his office. In order, therefore, to convict for the penalty, it is necessary to aver in the narr. the particular service out of the many enumerated in the Act, for which he took a greater fee than is allowed by the fee-bill. And this construction is required for the security of the officer; for otherwise he may incur a penalty for error in the addition of his bill of costs; for it must be remembered that taking an illegal fee constitutes the offence, without regard to the *quo animo*, or the inquiry whether it was exacted from error or design. Nor have the suitors much cause of complaint, as they may, if they choose, protect themselves from imposition by refusing to pay fees, where the officer, when required, refuses to make out a bill of particulars as prescribed by the Act, signed by him, and also a receipt or discharge for the fees paid. When this precaution is taken, an illegal fee cannot be exacted without furnishing the party at the same time, with the evidence competent to convict the offender of the penalty prescribed in the Act. It is, therefore, in the power of every suitor to protect himself from the payment of illegal fees, or if exacted to point to the item for which the illegal fee is taken. And this section of the Act also furnishes an argument of no inconsiderable force against the construction put upon it by the plaintiff's counsel. Whether the law, as it now stands, will prevent those extortions of which such frequent and just complaints are made, is not for us to say. The remedy, if any is required, is with the Legislature. I may, however, be permitted to remark, that as long as the officer is allowed a fee for each of the numerous services he is bound to perform, so long will abuses continue to exist. And the only efficient remedy which occurs to my mind is to simplify the fee-bill in such a manner that it may be easily understood by suitors, making the items to consist of as few particulars as possible, and allowing a gross sum for all services included in some general classification.

[Aechternacht v. Watmough.]

As long as it consists of such a variety of items, we must expect to hear of different rates of charge in different counties, and of palpable extortions, which it is next to impossible for those who are necessarily ignorant of the fees to prevent. It is impracticable for men to protect rights which they do not understand, and which it is difficult for them to comprehend. And perhaps also it might prove some restraint upon officers to compel them, under a penalty, to give a bill of particulars in all cases, whether required or not. It is said in *Jackson* v. *Purdue,* (3 *P. R.* 523), speaking in reference to the penalty under the fee-bill, that the Act of Assembly, although it inflicts a penalty, is a remedial Act, and as such should receive such a construction as to carry into effect the intention of the Legislature, provided it may be done without violence to the words of the Act. It is a mistake, which I have no hesitation to acknowledge, to call it a remedial Act; for it is in truth a penal statute, and as such must be strictly construed. But although unfortunately expressed, all that was intended in that case was, that where it comes within the words of the Act, the intention of the Legislature, as in other cases, is the governing rule of construction. As this is a case of a defect of title, and not a title defectively stated, the error in the narr. is not cured by verdict.

Judgment affirmed.