## OVERHOLTZER *v.* McMichael.

| 10 | 139 |
| 152 | 145 |

In action against the sheriff to recover the penalty for taking fees for services not compensated by the act, it is sufficient to aver that they were taken for services other than those provided for by the act, without specifying for what alleged services they were demanded.

The sheriff is liable for the penalty for extortion by his deputies.

Where the defendant's counsel in a proceeding before an alderman admits a letter to be genuine, the handwriting need not be proved on an appeal.

In error from the Common Pleas of Philadelphia.

*March* 12. This was an action against the sheriff, for the penalty for demanding and receiving illegal fees. In the sixth count, the plaintiff averred he had demanded and taken $6 as fees for services other than those expressly provided for by the act of Assembly.

The facts proved were, that an execution issued against the present plaintiff; and the debt and costs demanded were paid. There was no evidence of a levy; but the court, assuming there had been a levy and sale, informed the jury how much the sheriff would be entitled to, thus showing the excess received over the legal rate. His honour, in answer to plaintiff's points, refused to instruct the jury, there was no evidence to support the second, third, fourth, and sixth counts, and that the sixth count was defective. A letter from the deputy-sheriff demanding the money was admitted in evidence, after proof that defendant's counsel had admitted its genuineness when before the alderman.

*W. Price*, for plaintiff in error.—The *narr.* does not particularize the services for which the fees were taken, and is therefore defective: 8 W. & S. 162. Nor is the sheriff liable for the illegal acts of his deputy: 3 Wils. 309. There was no evidence what he was entitled to receive.

*McLaughlin*, contrà.

*March* 19. BELL, J.—Alsop's letter and receipts were properly admitted to go to the jury. Their authenticity was conceded by the defendant's counsel, on the hearing before the alderman; and, being made by an attorney in the due discharge of his functions as official agent, is, of course, effective against the client as proof. The direct connexion of these papers with the subject in controversy, is sufficiently apparent from their contents, at least in

combination with the other proofs in the cause, to warrant the submission of them to the jury, as evidence tending to establish the plaintiff's complaint.

It certainly was within the province of the judge, authoritatively, to instruct the jury as to the aggregate amount the sheriff was, by law, entitled to receive as fees, for the services proved or assumed to have been rendered by his deputy in executing the *fi. fa.*  In charging upon this point, the court treated the officer with great fairness, not to say indulgence.  The defendant chose to fold his arms without condescending-to any proof as to what steps, beyond the bare receipt of the money called for by his writ, he had been compelled to take in its execution.  Under the evidence as it stood, the court might well have said to the jury, the sheriff could take nothing more than the fee allowed for executing a *fi. fa.* without levy or sale.  But, anxious to avoid even the semblance of injustice, the judge availed himself of a statement submitted by the plaintiff, to allow the legal cost of a levy on goods, and poundage upon the sum received.  And yet, of the whole sum received, there remained an excess of $7.40.

The idea, however, seems to be, that because the evidence— which in this was wholly within the power of the defendant—did not enable the court to say what precise fraction of this was claimed for particular services, it was not competent to it to speak at all on the subject.  This is carrying the doctrine of certainty and precision beyond the rule indicated by Aechternacht *v.* Watmough, 8 W. & S. 162.  It settled nothing more than that, in pleading, a general and vague statement that the officer had taken, for fees, a sum greater than by law he was entitled to demand, without attempting to particularize the services overcharged, is insufficient. This decision proceeds upon the well known rule, that one seeking the benefit of a statutory remedy, is bound to allege every fact necessary to bring his case within the statute; and, consequently, to convict for the penalty here in question, it is indispensable to aver in the *narr.* the particular service under pretence of which the extortion was committed.  The plaintiff has, accordingly, in his third and fourth counts, specifically pointed to the items of over-charge complained of, both in reference to the particular service supposed to be rendered, and the sum said to be taken in respect of it.  In the sixth, he avers the illegal taking of $6 as fees due "for services other than those expressly provided for by the act of Assembly."  These are three of the counts upon which the verdict rests.  The last is the only one of them impeached as

insufficient. The act of 1814 gives the penalty in three classes of cases; first, where the officer takes greater or other fees than those limited by the law, for any recognised service done by him; second, where he takes fees, though not beyond the legal limit, for a recognised service not actually performed; third, where he takes a fee for any pretended service or services, not provided for by the act. Between these classes there is an obvious difference. The first two being clearly defined by the statute, admit of description with legal precision; and this the language of the act seems to require, as is pointed out in the case cited. But the last class prohibits every non-enumerated service, as a basis of compensation, without any attempt at specification, which, indeed, would be wholly impracticable. The language of the statute, in effect, is: "for every service here particularized as the subject of fees, you shall be paid a certain sum; but, beyond this, you are prohibited from receiving anything." The prohibition is sweeping and general, and the offence thus constituted, consists in exacting pay where none is allowed by law. It matters not what the nature of the pretended service may be, it is still extortion, without colour of right. It would seem, therefore, that a general allegation, that the defendant had received a certain sum of money for services other than those provided for by the act, sufficiently brings the case within the purview of the statute. In so averring, the pleader uses the very language of the enactment, and this is enough to satisfy the rule, except when, from the nature of the subject, or a defect of the statute itself, a further description is required to make the complaint certainly intelligible. The instruction, that the sixth count of the *narr.* was sufficient, is, consequently, correct. Looking, then, to the good counts of the declaration, it was simply for the court to say, whether there was any evidence in the cause tending to support any of them, for each averred enough to found the forfeiture sought to be recovered. That a larger amount had been exacted from the defendant in the execution, than was due for debt, interest, and costs, was, I think, very satisfactorily established. To ascertain the aggregate amount endorsed on the writ, required but simple addition. The excess above this must have been received as due to the sheriff, for his costs. This was found, by the judge, to be $13.77, from *data* sufficiently certain to merit the appellation of proof. Taking the plaintiff's statement, referred to by the judge, as true—and this is the most favourable view for the defendant below—there was a levy and payment of the money, without a sale. For this, the fee bill gives to the

sheriff compensation, by way of commissions, on the amount received for the benefit of the creditor, which was easily to be fixed by arithmetical calculation. Deducting the sum thus found from the amount of the excess received, and the sum overcharged is shown. Now, as the sheriff's deputy rendered a service which entitled him to demand for commissions only, *primâ facie*, the sum overcharged must be taken as upon that score. At least, the evidence sufficed to warrant the jury so to find, and this was enough to sustain the third count. In the existing state of proof, if the fact was otherwise, it lay on the defendant to make it manifest; for, I think, the plaintiff had done all it was incumbent on him to do in the first instance. It is hardly necessary to say, he was not bound to prove the precise sum averred in the *narr.* to be overcharged for that service, any more than it is imperative on a plaintiff in assumpsit to prove the precise sum laid in a count for money had and received.

It may be said, the evidence was not, also, applicable in support of the second, fourth, and sixth counts, and that the court refused to say these counts were unsustained. But the prayer was, to declare there was no evidence to support the second, third, fourth, fifth, and sixth counts. An accordant answer would have been tantamount to an instruction that *none* of these counts were proved. This was properly declined; for, as we have seen, there was evidence to establish at least one of them. If the defendant wished it, he should so have put his point as to call the attention of the court to each count separately. But this would not have answered any fruitful purpose, since, if the good count was supported, it produced the same result as though all had been. As there has been a trial on the merits, we are not bound to be astute in seeking to uphold merely technical objections. Where a defence is rested on these, it behooves the party so to put his case as to leave no room for hesitancy. Here the proposition was, that not one of the counts enumerated was so connected with the evidence as to leave anything for the jury to pass on. This the court refused to affirm. The point was general; and so was the answer. To be sure, the court might have descended to particulars without impropriety; but I cannot say, in not doing so it committed an error, in a case where the general answer has inflicted no real injury on the defendant.

It will be observed, I have said nothing of the legal sufficiency of the second count. This was not made a point below, and it is now alluded to merely to preclude a conclusion. Nor is it

assigned for error here, that the verdict is rendered upon defective counts, except as to the sixth, which has already been remarked on.

The only remaining error insisted on is the fourth. It is grounded upon the position that the sheriff is not liable *criminally* for the acts of his deputy or bailiff. This is true; but, by the rule, nothing more is meant than that he is not subject to an indictment for an offence committed by his official agent: Laycock's case, Latch. 187; Watson on Sheriffs. But he is liable for extortion practised by his officer: Woodgate *v.* Knatchbull, 2 T. R. 148: and to a penal action given by statute, because of the action of his deputy, as here: Paschall *v.* Layton, 2 T. R. 712.

The seventh and eighth errors assigned were abandoned.

Judgment affirmed.