# Jas S. McGarry and George V. Adelman, his assignee, Appellant, *v.* Anna F. McGarry.

*Practice, C. P.—Award of issue when title is denied—Act of* 1893.

Under the Act of June 10, 1893, P. L. 415, a party in possession is no longer bound to await an attack on his title but may act on the offensive and bring on the battle at once.    The court is bound to award an issue when the petition specified by the act sets forth the facts of the claim and right of possession and denial thereof and the verdict on such issue has the force and effect of a verdict in ejectment on an equitable title.

*Will—Equitable conversion—Reconversion by election.*

Where equitable conversion of land into personalty is effected by the terms of a will the legal effect of a conveyance to one legatee by the others is to work a reconversion by means of the election of all the other parties to take land instead of money.

*Attorney and client—Client's rights as affected by attorney's letters.*

The rights of clients cannot be divested by loose expressions of an attorney where in the nature of things the attorney was not authorized to prejudice the client by such expressions.

*Title—Recording of deeds—Act of* 1893—*Assignment for creditors—Constitutional law.*

The Act of May 19, 1893, P. L. 108, is constitutional and is effective to change the law, as it stood before, in the matter of recording deeds only in that it reduces the time in which a purchaser must record his deed from six months to ninety days.    The failure to record a deed executed and delivered in 1882, does not make it void as to the assignee for creditors of grantor under a deed of assignment made and recorded in 1893.

Argued May 9, 1898. Appeal, No. 21, April T., 1898, by Geo. V. Adelman, assignee, from judgment of C. P. Armstrong Co., June T., 1895, No. 368, on verdict for defendant. Before RICE, P. J., WICKHAM, REEDER, ORLADY, SMITH and PORTER, JJ. Affirmed.

Issue awarded under Act of June 10, 1893, P. L. 415, to settle and determine respective rights in and to land described in said issue. Before RAYBURN, P. J.

The facts sufficiently appear in the opinion of the court.

Verdict and judgment for defendant. Plaintiff appealed.

*Errors assigned* among others were (1) in refusing to admit in evidence the following letter from M. F. Leason, Esq.:

"KITTANNING, PA., Oct. 19th, 1893.

"MR. J. S. McGARRY,

"Dear Sir: Your sister, Miss Anna McGarry has called upon me for advice in regard to the purchase of your interest in your father's real estate, consisting of a lot on Jefferson Street, Kittanning. She informs me that you have made an assignment, but is unable to give me any particulars. Is it a general assignment for the benefit of creditors? If so, you are hardly in a position to make her a clear title. She is not averse to giving you the note for your interest in the real estate. As to any claims against your father's estate which you may have, they are all barred, long ago, by the Statute of Limitations, so that the present transaction between you and her is simply a purchase of your interest for value and nothing more. Please send me the deed which you have prepared and which has been executed by her sisters for inspection. If your assignment does not in any way interfere with the passing of the title and the title is correct, I will send you the note properly signed. If I do not send you the note, I will return you the deed within 10 days. If you do not care to trust me with the deed, please send it to some one in Kittanning whom you know with instructions to show it to me, so that I can satisfy your sister that she is getting a perfect title.

"Yours very truly,

"M. F. LEASON."

(2) In answer to plaintiff's first point, which point and answer are as follows : " 1. Under all the evidence in this case this proceeding must be dismissed at the costs of Anna F. McGarry. *Answer :* That point we refuse. We have stated to you it is a question of fact for you to decide whether or not this deed was delivered." (4) In refusing plaintiff's second point which point is as follows : " 2. That the Act of the 10th of June, 1893, P. L. 415, entitled an act ' to provide for the quieting of titles to land,' is unconstitutional and void because it offends against art. 3, sec. 3, of the constitution of Pennsylvania, which provides that ' no bill, except general appropriation bills shall be passed, containing more than one subject which shall be clearly expressed in the title.' " (5) In refusing plaintiff's third point which point is as follows : " 3. The undisputed evidence in this case being that the alleged deed of James S. McGarry to Anna F. McGarry, dated August 21, 1881, was never recorded, and that the deed of James S. McGarry to George V. Adelman was recorded in Armstrong county on the 30th day of October, A. D. 1893, the verdict of the jury must be for the plaintiff." (6) In refusing plaintiff's fourth point, which point is as follows : " 4. The will of Patrick McGarry registered in Armstrong county, will book, vol. 3, page 109, having left the property to his wife for life, and there being an absolute direction in the said will to sell the land after the death of the testator's widow, such direction effected an equitable conversion of the real estate into personalty, and the petitioner is not such a person holding lands and tenements as is contemplated by the act of June 10, A. D. 1893; and this proceeding must be dismissed at the cost of the petitioner."

*W. D. Patton*, with him *J. B. Neale* and *J. H. Painter*, for appellant.—Whatever the agent does, in the lawful prosecution of the business of his principal, is the act of the principal whom he represents. And when the acts of the agent will bind his principal, there his representations, declarations and admissions, respecting the subject-matter will also bind him : 1 Greenleaf on Evidence (15th ed.), sec. 113.

The acts and declarations of an agent in the course of the business intrusted to him, are evidence against his principal : Railroad Co. v. Decker, 82 Pa. 119.

It is apparent from the title of the act of June 10, 1893, P. L. 415, that it is a vicious attempt to conceal the true intent of the proposed legislation: Rogers v. Improvement Co., 109 Pa. 109.

The Act of May 19, 1893, P. L. 108, was intended to protect creditors of the grantor. They have acquired their rights as creditors after the execution of the belated deed and the deed of their representatives is on record in advance of it. They are in the same class as purchasers and mortgagors.

The situation places us within the protection of the act of 1893 and it is a state of facts that was not considered in the case of Davey v. Ruffell, 162 Pa. 443.

*M. F. Leason,* for appellee.—There is a wide distinction be-tween official admissions made by attorneys; as for example, in the trial of a case, admitting facts, admissions made in plead-ing, and other official acts made in the conduct of a suit. But a mere conversation or correspondence carried on in the absence of clients is not evidence. Official admissions are of a very solemn character and binding upon clients. Correspondence, however, in behalf of the client and in the absence of the client, by an attorney looking to the settlement of the case or the bring-ing about of an understanding between the parties are not evi-dence: McDermott v. Hoffman, 70 Pa. 31.

It would be a harsh rule to hold that the rights of parties may be swept away by admissions of counsel unintentionally made: Smith v. Eyre, 161 Pa. 115.

The question of the constitutionality of the Act of the 10th of June, 1893, was raised in the case of Delaware & Hudson Canal Co. v. Genet, 169 Pa. 343.

We have nothing to do with the first section of the act. That an act of assembly might be void in part and good as to the balance of the act is well settled. It has been so often decided that the cestuis que trustent, if they see proper, and all agree, may defeat the conversion, that it is unnecessary, we think, to cite authorities.

OPINION BY RICE, P. J., December 16, 1898:

By his will probated in January, 1876, Patrick McGarry de-vised the house and lot in suit to his widow for life, and di-rected that after her death, the property should be sold and

$200 of the proceeds be paid to his daughter, Anna McGarry, the defendant, and the residue be divided equally among his four children. The widow died in August, 1881, and in the same year the plaintiff, James McGarry, and his two sisters, Bridget and Mary, signed and acknowledged a deed for the lot to their sister, the defendant. The latter had lived with, and taken care of, her mother after her father's death, and after the death of her mother continued in the possession of the property. In August, 1893, James McGarry made an assignment for the benefit of his creditors to George B. Adelman, the other plaintiff. In May, 1895, the defendant presented her petition to the court of common pleas, setting forth the facts substantially as above stated, and alleging that the deed referred to, had been duly delivered to her in 1882, and at the request or suggestion of her brother James, had been returned to him, for safe-keeping. She prayed the court to award an issue between her and the plaintiffs, in accordance with the provisions of the Act of June 10, 1893, P. L. 415. The plaintiffs filed separate answers, in which they denied her title and right of exclusive possession, and alleged that the deed had never been delivered because she had failed to comply with the terms upon which the other heirs were to convey to her their interests in the land. The court awarded an issue, and the case came on to be tried as if it were an action of ejectment. The sole question submitted to the jury was, whether or not the deed was delivered as alleged by the defendant. The jury decided this issue in her favor.

It seems to us almost too plain for argument, that the second section of the act of 1893 applies to such cases as the present. There is nothing in the language of the section to indicate that the legislature intended to confine the jurisdiction of the court to cases where the person out of possession claims merely an easement in the land. The language is most comprehensive, and includes all cases where the facts of the petitioner's possession, and the adversary's denial of his title, are established. " At common law, the adversary might lie by, concealed or quiet, and choose his own time for the contest, subject only to the risk that the statute of limitations might shut him out. The party in possession could do nothing but await the attack.

Equity came to his aid, by bills to perpetuate testimony, to quiet title, etc., but this assistance was limited and not adequate. In this state the Act of May 21, 1881, P. L. 24, gave the party in possession, the further right, as against an adversary who had once asserted his claim in an ejectment, to rule him to bring his further action, or be barred. The act of 1893 is another step in the same direction. The party in possession is no longer bound to await the attack, but may act on the offensive, and bring on the battle at once. The proceeding under the act is by petition setting forth the facts of such claim, and right of possession, and the denial thereof, and if the court is satisfied, that the facts set forth are true, it shall award an issue, and the verdict thereon shall have the force and effect of a verdict in ejectment on an equitable title: " Canal Co. v. Genet, 169 Pa. 343. Whatever may be said of the constitutionality of the particular provision of the first section, we think it cannot be said that the subject of legislation in the second section is not clearly expressed in the title. The legislation is precisely what the title indicates, and although the particular provision of the first section should for any reason be held inoperative, it would not necessarily follow that the whole act must be stricken down. That which is left is complete in itself, capable of being executed, and not so interwoven with, and dependent on, the particular provision referred to as irresistibly to lead to the conclusion that if all could not be carried into effect, none of the provisions would have received legislative sanction. It is well settled in this state that in such cases, part of an act may be declared unconstitutional because of a defect in the title, and the rest be allowed to stand. The cases upon that subject will be found collected in Sanderson's Validity of Statutes 14; 214. The third and fourth assignments of error are overruled.

Granting that the direction in the will of Patrick McGarry worked an equitable conversion of the land into personalty, the legal effect of the conveyance by three of the legatees to the fourth worked a reconversion by means of the election of all the other parties to take the land instead of the money. There was no evidence to repel the conclusion of law which resulted from this fact. Therefore, the court correctly refused

the plaintiff's fourth point, and the sixth assignment of error is overruled.

The plaintiff's counsel candidly admits that Mr. Adelman the assignee is a mere volunteer and took only the rights and interests that James McGarry had in the land at the time of the assignment; also that the creditors of James McGarry were not protected by the recording act of March 18, 1775, 1 Sm. L. 422: Ludwig v. Highley, 5 Pa. 132. He argues, however, that the recording of the deed of assignment gave them rights superior to those of the defendant, whose deed is unrecorded. He relies upon the Act of May 19, 1893, P. L. 108. We deem it unnecessary to enter into an extended discussion of this question. After a very thorough consideration of this act with the evident intention to lay down a rule which could not be misunderstood, the Supreme Court reached this conclusion: "It results from this examination of the act of 1893, that it is effective to change the law as it stood before, in only one particular, viz, it reduces the time within which a purchaser must record his deed from six months to ninety days. In all other respects the law remains as it was before:" Davey v. Ruffell, 162 Pa. 443. This construction of the law prevents the conclusion that the failure to record the deed to the defendant made it void as to the assignee for the benefit of creditors.

It is argued that the letter of the defendant's counsel embraced in the first assignment of error contains expressions which are inconsistent with her present contention that the deed had been delivered. Let this be granted, for the sake of the argument, yet it is plain that these admissions could not be given in evidence against her, unless they were made by her express, or implied, authority. It would be an intolerable rule if it were to be held that the rights of clients could be divested by loose expressions of their attorneys made under the circumstances disclosed in the evidence in this case.

These circumstances were that the defendant consulted counsel with regard to her title and possession, and he being unable to understand clearly from her statement what the facts with regard to the deed were, and desiring to see it, wrote the letter in question. He had no authority either express or implied to admit away her title, or to bind her by a promise to give a note. The attorney testified that the letter was not written at her dic-

tation, and there is no evidence that she knew what its contents were. The court committed no error in rejecting the offer; therefore the first and second assignments of error are overruled.

Judgment affirmed.