# Yerkes v. Yerkes.

*Will—Conversion—Election to take as real estate not imputed from action
of creditor of distributee.*

A direction to the executors to sell, works a conversion, although the
parties interested may agree to take the land itself without a sale; but
the act of a creditor who elects to treat the interest of a distributee in land
of decedent which has been converted under such decedent's will as real
estate, will not be imputed to the distributee as an election by him to treat
as land an interest in the estate where the terms of the will converts such
interest into personalty.

Argued Oct. 11, 1900. Appeal, No. 154, Oct. T., 1900, by
defendant, in suit of Seymour Yerkes against Matilda or Tillie
Yerkes, from decree of C. P. No. 1, Phila. Co., Dec. T., 1899,
No. 1129, in favor of plaintiff on bill, answer and proof. Be-
fore RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D.
PORTER, JJ. Affirmed. Opinion by W. W. PORTER, J.

Bill praying for a decree that defendant is a trustee of the

income of the real estate to the extent of one third for complainant.    Before BIDDLE, P. J.

### ESSENTIAL FACTS STATED BY THE SUPERIOR COURT.

The will of Charles Yerkes contained the following provisions:

"I give and bequeath unto my said wife Hannah Yerkes all and singular the net interest, income, dividends and rents of my estate, both real, personal and mixed that I now have or hereafter may have and die seized of for and during all the term of her natural life, she paying all taxes, water rents and expenses of repairing to keep the said real estate in good and tenantable order, Provided she so long remain my widow and unmarried. But if my said wife, Hannah Yerkes, should marry, then it is my will and desire that she takes and has only one equal third part of the said net income of my said estate for and during the remainder of her natural life.

"Item. My will is that immediately after the death of my said wife, Hannah, or if she should marry, or as soon as it might be to the advantage to sell at a fair price, I order and direct my three children or the survivors or survivor of them, viz., Robert H. Yerkes, Seymour Yerkes and Tillie Yerkes to sell all of my said real estate either at public or private sale or sales for the best price that can be gotten therefor subject to the right of their mother therein, and the net proceeds of such sale or sales to be divided between them share and share alike as tenants in common and not as joint tenants, and my will is to be understood to include all my said estate, real, personal and mixed whatsoever and wheresoever that I now have or hereafter may have and die seized or possessed of at the time of my decease, and to be divided share and share alike between my said children, Robert H. Yerkes, Seymour Yerkes and Tillie Yerkes, and to their respective heirs and assigns. But if either of my said children should die leaving lawful issue, such issue to take its parent's share, if but one the whole, if more than one share and share alike as tenants in common.

"Item. I hereby nominate, and constitute and appoint my said wife Hannah Yerkes to be the sole executrix of this my last will and testament as long as she remains my widow and unmarried and no longer."

A judgment was obtained against Seymour Yerkes. His interest in his father's estate was sold by the sheriff as land, and a deed was delivered to the vendee. Tillie Yerkes acquired title to the interest by deed from the sheriff's vendee. The interest of Robert H. Yerkes was conveyed by him to his mother by deed, and passed by her will to Tillie Yerkes. The plaintiff, Seymour Yerkes, contends that his interest was not realty but personalty, and that, therefore, no interest passed by the sheriff's sale.

The court entered a decree to the effect that defendant is a trustee of all the rents and income of the several pieces of real estate described in the bill of complaint collected by her, one third of which said rents as paid, the plaintiff is entitled to receive as a beneficiary under the will of Charles Yerkes, deceased; and the decree also further ordered an accounting. Defendant appealed.

*Error assigned* was (1) in not dismissing the bill. (2) In entering judgment for plaintiff. (3) In entering the decree compelling defendant to account to the plaintiff.

*John G. Johnson*, with him *Charles H. Pile*, for appellant.— If the contention which has been thus far decided in favor of Seymour Yerkes is sound, a method has been discovered by which property can be given to devisees and legatees, not in trust, but absolutely, free from any possibility of seizure by their creditors.

We concede that where an absolute direction to executors to sell is given and the beneficiaries take no interest in the thing sold, but simply a right to receive the whole or a part of the proceeds of its sale, they take no estate in the land, but merely a right to the personalty upon conversion.

In support of this appeal, we urge two points:

1. The lands were devised to the devisees named, in fee simple, with a direction to sell and to distribute the proceeds amongst themselves, which direction to sell was inefficacious and did not alter the character of the " rem."

2. In case of an exercise of the power of sale, if the same could be exercised, the proceeds of sale would go to the owners of the land whose title was subject to the power and was divested by its exercise.

*William H. Peace*, for appellee.—Does this will work a conversion of the real estate into personalty? If it does, then the judgment of Gilham was not a lien and the sheriff's sale gave no title, and Seymour's interest remains.

What remedy has such a creditor? This is answered in the case of Selfridge's Appeal, 9 W. & S. 55.

Nor is it of controlling importance, as contended by the appellant, that the trustees and beneficiaries here are the same persons, for it is a maxim (as quoted in the leading case in Pennsylvania on this question, viz: of Allison v. Wilson, 13 S. & R. 330), "that where two rights meet in the same person, they are to be viewed as if. they existed in different persons."

Until the act of election the heirs have no estate or title which would be the proper subject of a lien either by judgment or by mortgage. See Henderson v. Henderson, 133 Pa. 390.

A trustee cannot set up a title adverse to his cestui que trust: 1 Lewin on Trusts, 285; Webb v. Dietrich, 7 W. & S. 401; Chorpenning's App., 32 Pa. 315; Beeson v. Beeson, 9 Pa. 279; Campbell v. McLain, 51 Pa. 200.

OPINION BY WILLIAM W. PORTER, J., December 10, 1900 (after stating the facts as set out in the statement of facts):

The clauses of the will above quoted in the statement of facts devise an absolute estate in lands with a direction to the devisees to sell. Were the devise to one person, little embarrassment in construing the effect of the clauses would be experienced. The devise of the land in fee would supersede the direction to sell, since the former includes the right to retain or alien at pleasure. But the devise is to three persons. This introduces an element of difficulty. If one of the three were an executor, or third person taking no interest in the land or the proceeds, such person would stand in the position of a trustee with direction to sell and distribute. This would, under the will, work a conversion of the land devised. The association with such a trustee of one or more persons taking an interest, would not alter the character of the trust, nor prevent the conversion. But here three parties take the land among them. Each in respect to the portions of the other two is a trustee to sell and distribute. The fact that he is himself a devisee and distributee does not change his relation to the other shares or

to the fund produced by a sale. Furthermore, the title of the devisees is impressed with a trust in that if the actual conversion were consummated during the life of the testator's widow, the proceeds would be retained in trust during her life or so long as she should remain unmarried. Again, should any of the three devisees die, living the widow, the proceeds of the sale would continue in trust with the survivors.

It is true that when there is a conversion by direction to sell, the parties interested may agree to take the land itself without a sale. Such an agreement works a reconversion, and thereafter the interests of the devisees are in the land: McGarry v. McGarry, 9 Pa. Superior Ct. 71; Howell v. Mellon, 189 Pa. 169; Henderson v. Henderson, 133 Pa. 399. This right of reconversion has been carried to the extent of making valid a mortgage given by a distributee where a subsequent agreement was executed between the remaining distributees to treat the testamentary provision as a devise of land, the execution of the mortgage being construed to be an equitable assignment and a lien on the interest of the mortgagor in the land, which lien, after partition, attached to the purpart allotted to the mortgagor in severalty: Bailey v. The Bank, 104 Pa. 425. Here a creditor secured a judgment (adverse so far as this record shows) and sold Seymour Yerkes's interest. The creditor thereby elected to treat the interest as in the land. But the act of the creditor was not an election by Seymour Yerkes (Allison v. Wilson, 13 S. & R. 333), to deal with his interest as land, nor evidence of acquiescence or concurrence in the acts of his sister and brother, who may have elected to treat the interests created by the will as in land and not in the proceeds of its sale. Were we able to strike out of the will the order to sell, a different result from that reached by the court below would be possible. The clause is not, however, so glaringly inconsistent with the devise of the land in fee as to make it void for repugnancy. The whole question is one of intent. Gleaning this from the provisions of the will, and having regard to the rule of law, which gives to a direction to sell the effect of working a conversion, we are led to affirm the decree entered in this case, since no title to the share of Seymour Yerkes passed by the sheriff's sale, and none was, therefore, acquired by his sister in the purchase from the sheriff's vendee.

The decree is affirmed.