## Mahler to use *v.* Singer (et al., Appellant).

*Mortgage—Consideration—Findings of fact.*

1. The findings of fact by the court below that a mortgage was based upon sufficient consideration, will not be reversed where such findings are supported by sufficient and competent evidence.

2. The fact that a person advancing money to another on a judgment note, knows of the existence of a mortgage previously

given by the creditor, and makes no objection to its validity, is a circumstance to be considered if he subsequently objects that the mortgage had been given without consideration.

*Auditors—Findings of fact—Findings of fact based on inadmissible evidence—Mortgage—Keeping books.*

3. An auditor's findings of fact based on evidence which he should not have received, will not be sustained.

4. An auditor passing upon the validity of a mortgage, should not be influenced adversely to the mortgagee, simply because the latter kept no books or memoranda of his transactions with the mortagor.

*Attorney and client—Communications—Declarations of attorney.*

5. Declarations of an attorney as to transactions with his client, not made in the presence of the client, and not made with the latter's authority, are inadmissible in evidence.

*Mortgage—Mortgage without bonds—Judgment notes.*

6. The fact that no bond was given with a mortgage, does not reflect upon the validity of the mortgage, where it appears that the mortgagee held judgment notes representing most of the indebtedness due to him by the mortgagor.

*Mortgage—Future creditors—Act of May 21, 1921, P. L. 1045.*

7. Not considered whether a mortgage can be declared fraudulent under the Act of May 21, 1921, P. L. 1045, as to future creditors, who became such with full knowledge of its existence.

Argued January 27, 1926. Appeal, No. 129, March T., 1925, by defendant Rovins, from order of C. P. Allegheny Co., Jan. T., 1923, No. 162, sustaining exceptions to auditor's report, in case of Walter A. Mahler, to use of Charles Fiskin v. Benjamin Singer and N. Rovins, exceptant. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Exceptions to report of auditor, Roy Rose, Esq., appointed to distribute funds raised by sheriff's sale of real estate. Before MACFARLANE, J.

The opinion of the Supreme Court states the facts.

542    MAHLER v. SINGER (et al., Appellant).

Exceptions sustained.    N. Rovins, exceptant, appealed.

*Error assigned* was, inter alia, order, quoting record.

*Lawrence D. Blair,* with him *Moorhead & Knox,* for appellant, cited as to the admissibility of declarations of counsel: Solms v. McCullough, 5 Pa. 473; Douglass v. Mitchell's Exr., 35 Pa. 440; Truby v. Seybert, 12 Pa. 101.

*William H. Pratt,* for appellee, cited, as to validity of mortgage: Harlan v. Maglaughlin, 90 Pa. 293; Walkinshaw's Est., 275 Pa. 121; Monroe v. Smith, 79 Pa. 459; Brown v. McCormick, 135 Pa. 434; Best v. Smith, 193 Pa. 89; Westmoreland G. B. & L. Assn. v. Thomas, 207 Pa. 513.

As to declarations of attorney: Schmitt v. Kulamer, 267 Pa. 1; Harrington v. Stivanson, 210 Pa. 10; McGarry v. McGarry, 9 Pa. Superior Ct. 71; Kimmel's Est., 226 Pa. 47.

As to findings of fact: Glenn v. Trees, 276 Pa. 165; Gross's Est., 284 Pa. 73; Dixon v. Minogue, 280 Pa. 128; Atlas Portland Cement Co. v. Brick & Clay Co., 280 Pa. 449; Ambridge Boro. v. Phila. Co., 283 Pa. 5; Browne v. Hoekstra, 279 Pa. 418; Bangor Silk Knitting Co. v. Wise, 277 Pa. 417; First National Bank of Hanover v. Gitt, 284 Pa. 242.

OPINION BY MR. JUSTICE SCHAFFER, March 15, 1926:

This case arises out of exceptions filed to the special return of the sheriff on a sale of real estate. The appellant, who was the exceptant, is a judgment creditor of the execution defendant, junior in lien to a third mortgage on the property sold. The ground of his exception and present complaint is that this mortgage was without consideration and as to him is fraudulent and void. The auditor who was appointed to pass upon the

exceptions so found, but the court below, reviewing his conclusions, determined otherwise, held the mortgage valid and awarded the fund in the sheriff's hands to it and excluded the exceptant and another junior judgment creditor from participation therein.

The chief question for determination is whether there was consideration shown for the mortgage. The testimony brought up with the record cannot be said to be the most clear which we have been called upon to review, as many of the witnesses spoke somewhat indifferent English and quite evidently thought in another tongue, but in certain of its aspects, it is understandable beyond conjecture.

No useful purpose would be served by a recital of all the facts which burden the record; we will outline as briefly as possible only those which to our minds are established with reasonable clarity and from which we think an inescapable conclusion results. The holder of the mortgage under attack, one Goldstoff, was a moneylender; B. Singer, one of the makers of the mortgage (the other mortgagor being his wife) was a tailor. He conducted his tailoring business as a corporation, which he controlled and of which he was the principal stockholder. To carry on its affairs, Singer individually borrowed from Goldstoff, giving the latter his (Singer's) judgment notes (not entered) as security for the loans. As to the amount thus lent, the auditor found that "Singer borrowed many thousands of dollars from Goldstoff." We have this fact as a starting point. Goldstoff kept no books and at the first hearings before the auditor could produce no checks showing the passing of funds from him to Singer, his excuse for their nonproduction being that they had been left in a desk in the bank where he transacted business and had been destroyed. After the auditor made his first report, however, some of the cancelled checks were found by an employee in the bank. They aggregated more than $8,500, and while they do not correspond in amount or in exact

date with Singer's judgment notes which Goldstoff held, yet there was an explanation for this in the circumstance testified to, that Singer would apply for a loan, which Goldstoff would grant, Singer giving him a note at the time for the amount he desired, Goldstoff, not turning over the entire sum at that time, but giving him the money in less sums as it was required. Both Singer and Goldstoff testified that the money represented by the mortgage was a bona fide debt. Testimony of several other witnesses tended to corroborate that of Singer and Goldstoff as to the dealings between them and the existence of the indebtedness. We think without detailing all the testimony that there is ample in the record to warrant the conclusion that the judgment notes admittedly held by Goldstoff at the time of the execution of the mortgage represented actual loans made to Singer, for which the mortgage was given as an additional security. When we take into account the further admitted fact that appellant knew when he advanced the money to Singer which his judgment represents that Goldstoff held the mortgage in dispute and that no question was then made by appellant of its validity, we have a circumstance of substantial weight aiding the determination of good faith in the dealings between Goldstoff and Singer as lender and borrower.

It would seem that the auditor reached the conclusion at which he arrived, that the mortgage did not represent an actual indebtedness and was given for the purpose of defrauding Singer's future creditors because his suspicions were called into play by some of the evidence which he heard, part of which should not have been received. One of the circumstances of suspicion was that the mortgage bore a date prior to the day on which it was acknowledged. Another is that the notary's record showed that at the same time she took the acknowledgment of the mortgage, she also took the acknowledgment of an assignment of a mortgage from Goldstoff to some person,—her record does not disclose to whom, nor does

she recollect,—the intimation being without anything further to warrant it that it was an assignment of the same mortgage by Goldstoff back to Singer. This, however, Goldstoff and Singer denied. We think there is a satisfying explanation to this circumstance in the statement of Goldstoff that he owned a number of mortgages and the assignment might have been of one of them. A third ground of suspicion in the auditor's mind was that Goldstoff kept no books or memoranda of his transactions with Singer. There is nothing remarkable or suspicious in this for the reason that many men, in colloquial parlance, carry around in their hats transactions of great moment with never a scratch of pen to evidence them.

We also gather the impression from reading the auditor's report that one of the things which strongly influenced him in reaching his conclusion was testimony to the effect that the attorney who now represents Goldstoff and who at the time of the preparation of the mortgage represented Singer, had declared in conversation with another attorney concerned in this proceeding that there was due on the mortgage but $1,200, whereas it recited a debt of $9,500. This piece of evidence was not denied for the reason that under the rule of court of Allegheny County, if Goldstoff's attorney had taken the witness stand, he would have been barred from further taking part in the proceeding in his client's behalf. We agree with the conclusion of the court below that this testimony as to declarations alleged to have been made by appellee's attorney was inadmissible. No authority was shown from his client which warranted the making of such a statement and the client was not present when it is alleged to have been made. As was said by the Superior Court in McGarry v. McGarry, 9 Pa. Superior Ct. 71, "It would be an intolerable rule if it were to be held that the rights of clients could be divested by loose expressions of their attorneys." Under the circumstances here shown, the declarations of the attorney should not have been received: Harrington v. Stivanson, 210 Pa.

10; Horseshoe Mining Co. v. Miners' Ore Sampling Co., 147 Fed. 517 (C. C. A., 8th Cir.) ; Wigmore on Evidence, vol. 2, (2d ed. 1923) section 1063; 22 Corpus Juris, p. 393.

There is nothing in the circumstance that the mortgage was antedated to cast suspicion upon it. Our reading of the testimony in regard to this satisfies us, as it did the court below, that the mortgage was signed on the day it was dated and acknowledged on the later date. Our conclusion also is that the fact that no bond was prepared in conjunction with the mortgage in no way reflects upon its validity. The mortgagee held judgment notes representing most of the indebtedness due to him, and if he wished to enter judgment generally against the defendant, the notes were just as efficacious for this purpose as a bond would be. We further conclude that the alleged declarations of the mortgagor, Singer, denied by him, that the mortgage did not represent an actual indebtedness due by him to Goldstoff, were not entitled to the weight which the auditor gave to them in view of the fact that they were not made in Goldstoff's presence, and as to those which were in the form of affidavits made by Singer, he testified that he could neither read nor write and that when the affidavits were read to him they did not purport to make the declarations as they subsequently appeared. In this statement he was corroborated by another witness. It is somewhat difficult to comprehend how there could have been a conspiracy between Singer and Goldstoff to defraud appellant as he asserts there was, when in point of fact the first business transaction between Singer and appellant did not take place until more than two months after the recording of the mortgage.

In view of our conclusion that there was sufficient evidence to establish the bona fides of the mortgage, we are not called upon to consider the interesting question propounded in the briefs as to whether under the Uniform Fraudulent Conveyance Act of May 21, 1921, P. L. 1045,

section 7, a mortgage can be declared fraudulent as to future creditors who became such with full knowledge of its existence.

Being of opinion that the case was properly determined by the learned judge of the court below, it follows that the assignments of error must be and they are hereby dismissed.

The order of the court below is affirmed at the cost of appellant.