Malone, Executor, Appellant, *v.* Marano.

Argued April 20, 1937. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*John C. Noonan,* for appellant.

*Harry S. Abrams,* for appellee.

OPINION BY MR. JUSTICE SCHAFFER, May 17, 1937:

The executor of John Martelly, also known as Giovanni Martello, seeks to recover from defendant, a private banker, a balance claimed to be due on a deposit made by the decedent with defendant. The court below decided that plaintiff had not made out his claim and entered a nonsuit, which it refused to take off. Hence this appeal by plaintiff. The parties informally and not under the Act of April 22, 1874, P. L. 109, 12 P. S. Sec. 688, agreed that the case should be tried before the court without a jury. If there had been a formal reference of the case under the Act of 1874, a nonsuit would have been improper: *Clark v. Davidson,* 83 Pa. Superior Ct. 79, and cases cited.

At the trial plaintiff produced in evidence a pass book issued by defendant to the decedent. On one page it shows a deposit on September 15, 1930, of 102,000 lire and on the opposite page counter entries in dollars under the head "withdrawn" amounting to $5,610.

The position of plaintiff is that the deposit was received by defendant under an agreement to repay the decedent 102,000 lire upon demand. It is set up that following the death of his deceased, plaintiff as his executor made demand on defendant to convert the lire into American dollars, at the then rate of exchange of .0811, which would have made the deposit of 102,000 lire worth $8,722.20, and to deduct the sums under the head "withdrawn" from this amount, and to remit the balance, $2,662.20, to plaintiff. The position of defendant is that the deposit of lire was to be converted, when made, into dollars, at the then rate of exchange, which was only $5.10 per hundred lire, making the deposit amount in American money to $5,210, which would be insufficient to cover the amounts "withdrawn."

"At this stage of the case we must assume in favor of plaintiff the truth of the evidence and every inference fairly deducible therefrom, and also resolve all doubts, if any, in favor of a . . . trial": *Kuhns v. Conestoga Traction Co.,* 290 Pa. 303, 306, 138 A. 838; *Frank v. Cohen,* 288 Pa. 221, 135 A. 624; *Rhoads v. Herbert,* 298 Pa. 522, 148 A. 693. Viewing the record in this light we are of the opinion that the nonsuit should have been removed.

The pass book offered in evidence reveals that interest was paid on the deposit of lire. At the top of the page containing the notation of the deposit is written the words "interest paid until 9/15/31" and for subsequent years until "9/15/34." It will be noticed that this date is the anniversary of that on which the deposit was made "9/15/30." There is nothing in the book which would indicate in what money the interest was paid, whether in lire or dollars (in other instances the entries in the book show that interest was paid in dollars). It is agreed that interest on the deposit was paid at the rate of 4%. It is argued by appellee that this factor negatives the appellant's contention, as the fact that interest was paid indicates that the deposit was a general one,

creating the relation of debtor and creditor. But even conceding this to be the case it does not solve the problem. Even though, by reason of the deposit, the appellee became the decedent's debtor, the question still remains whether the condition of his obligation was to repay the decedent 102,000 lire, or, whether it was to pay the decedent the value of the 102,000 lire in dollars as of the date of deposit. The appellee might well have been willing to enter into a contract of the former nature and to pay interest on the deposit for the privilege of using the lire in his banking business when he was called upon to supply foreign exchange.

An analysis of the other entries in the pass book leads us to the conclusion that appellant has at least, prima facie, established his position, and that the burden is on appellee to show that such was not the true situation. The first entry under the head "withdrawn" is "10/5/29 $1000." It will be noted that this was before the date of the lire deposit. The other entries under this head were on dates subsequent to the deposit. Above the word "withdrawn" appears the notation "in $—Paid interest to me until 10/5/31" and so on until "10/5/34." This, standing alone, would indicate that the decedent paid interest only on the original $1,000, as the dates on which interest was paid are the anniversaries of this entry. If such were the case the original entry should be considered as a loan, and the other entries withdrawals, indicating strongly that the decedent had dollars on deposit rather than lire. The appellee in that part of his affidavit of defense which was offered in evidence admitted, however, that all items under the head "withdrawn" were loans, and that the decedent paid interest at the rate of 4% on the total thereof. This admission would seem to change the entire aspect of the case and indicates that the decedent's deposit was in lire. If he had dollars on deposit, it is not to be supposed that when he needed dollars in small amounts (some of the loans amounted to only $25) he

would have borrowed from the appellee and have paid interest on the amounts received at the same rate he was receiving on his deposit. The only way, without further evidence, that full effect can be given to the various entries in the pass book is to consider the original deposit as imposing an obligation on the appellee to return the lire upon demand, or their equivalent in dollars as of that date, if the decedent or his representatives so elected.

Complaint is made that the trial judge excluded the testimony of George Maxman, Esq., who was called to testify that a man, alleged to be counsel for the bank, furnished a statement to the witness purporting to show the balance due decedent's estate at the time of his death. This was offered as an admission by counsel. As such it was clearly incompetent. Admissions by counsel may be received in evidence under certain very limited conditions: 2 Wigmore on Evidence, sec. 1063, such as those made on trial: *Overholtzer v. McMichael,* 10 Pa. 139; *Truby v. Seybert,* 12 Pa. 101; but not to fix liability under circumstances such as here exist. As was observed by the court below, there was no proof that the alleged agent was such as authorized to make a statement in defendant's behalf, or to bind him. "No authority was shown from his client which warranted the making of such a statement and the client was not present when it is alleged to have been made. As was said by the Superior Court in *McGarry v. McGarry,* 9 Pa. Superior Ct. 71, 'It would be an intolerable rule if it were to be held that the rights of clients could be divested by loose expressions of their attorneys.' Under the circumstances here shown, the declarations of the attorney should not have been received": *Mahler v. Singer,* 285 Pa. 540, 545, 132 A. 718.

We conclude that plaintiff has made out a prima facie case and that the nonsuit should have been removed.

Judgment reversed and a new trial granted.