Alfred Schiavo, Petitioner *v.* Workmen's Compensation Appeal Board (Frank's Beverages), Respondents.

Argued March 3, 1982, before President Judge CRUMLISH, JR. and Judges BLATT and DOYLE, sitting as a panel of three.

*Gerald J. Haas,* for petitioner.

*Martin J. Fallon, Jr., Swartz, Campbell & Detweiler,* for respondents.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., August 27, 1982:

Alfred Schiavo appeals a Workmen's Compensation Appeal Board order affirming the referee's modification of his benefits from total to partial disability compensation.[1] We affirm.

Frank's Beverages employed Schiavo for 13 years when, on July 18, 1974, he injured his lower back, sustaining a herniated disc requiring surgical repair in June 1976. His treatment terminated in early 1977.[2] Schiavo's total disability payment was reduced to partial disability.

In a proceeding to terminate or suspend workmen's compensation benefits, the employer, as the moving party, has the burden of showing that the claimant's disability has ended or has been reduced and that (1) work is available to the claimant and (2) claimant

---

[1] Benefits were reduced from $106 per week to $57.26 per week.

[2] Claimant's testimony is inconsistent as to whether his surgeon, upon discharge from his service, recommended that he look for work. *See* N.T. 7/23/79; pages 13-14.

is capable of doing such work. *Main Line Convertible v. Workmen's Compensation Appeal Board,* 63 Pa. Commonwealth Ct. 467, 439 A.2d 1250 (1981). Where, as here, the party with the burden of proof has prevailed below, review by this Court is limited to determining whether constitutional rights were violated, an error of law was committed, or any necessary finding of fact was unsupported by substantial evidence. *Lehman v. Workmen's Compensation Appeal Board,* 64 Pa. Commonwealth Ct. 381, 439 A.2d 1362 (1982).

Frank's Beverages offered the deposition of Dr. Friedman, a board-certified orthopedic surgeon, and the testimony of Mr. Wolf,[3] a vocational expert.

Schiavo argues that the referee erred in relying on Wolf's conclusions since they were based on assumptions not found in the record. We disagree. At the July 23rd hearing, Wolf testified, in response to a hypothetical question which included Schiavo's physical limitations as delineated in Dr. Friedman's deposition, that there was available work for Mr. Schiavo.

Since no additional evidence was taken by the Board, the referee is the ultimate factfinder on the credibility and weight of the evidence. *City of Scranton, Department of Fire v. Workmen's Compensation Appeal Board,* 43 Pa. Commonwealth Ct. 151, 401 A.2d 889 (1979). Moreover, the referee, in the exercise of his discretion, may accept or reject the testimony of any witness in whole or in part and, if the evidence thus accepted is such as a reasonable mind might accept to support a conclusion, his findings cannot be disturbed by this Court. *American Refrigerator Equipment Co. v. Workmen's Compensation Appeal Board,* 31 Pa. Commonwealth Ct. 590, 377 A.2d 1007 (1977).

[3] Mr. Wolf is the Executive Director of the Abilities Center of Southern New Jersey, a private non-profit vocational rehabilitation center.

The referee found the medical testimony to be both competent and credible and that there was available work in the job market which Schiavo could perform within his physical limitations. He concluded that Frank's met its burden and consequently reduced Schiavo's benefits.[4] These conclusions are supported by the record.

Affirmed.

## ORDER

The order of the Workmen's Compensation Appeal Board, Decision No. A-80043 dated April 23, 1981, is hereby affirmed.

Judge MENCER did not participate in the decision in this case.

---

[4] Schiavo's argument that the referee committed reversible error by calculating the average weekly wage in a manner inconsistent with Section 304(d) of The Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §582(d), is, totally without merit. In fact, it is Schiavo's, not the employer's, calculation that is inconsistent with the Act.