Richard G. Bridle, Petitioner *v.* Workmen's Compensation Appeal Board (Eastern Distribution Center, Inc.), Respondents.

Submitted on briefs September 16, 1982, to Judges ROGERS, MACPHAIL and DOYLE, sitting as a panel of three.

*John E. O'Connor, Flanagan, McFadden, Biscontini & Shaffer,* for petitioner.

*David W. Saba, Hourigan, Kluger & Spohrer Associates,* for respondents.

OPINION BY JUDGE DOYLE, March 14, 1983:

This is an appeal by Richard G. Bridle (Claimant) from the order of the Workmen's Compensation Appeal Board (Board) which affirmed the decision of a referee to grant workmen's compensation benefits for the period from July 1, 1979 through November 14, 1979.[1] In this appeal, Claimant argues that his disability has not ceased, and therefore seeks compensation for the period commencing November 15, 1979. Following a careful review of the record, we affirm the order of the Board.

Claimant was employed as the chief executive officer of Eastern Distribution Center, Inc. (Employer) beginning in 1973. Claimant, who had a history of arteriosclerotic coronary artery-disease, suffered a myocardial infarction on July 14, 1977. Following a two month period of recuperation, Claimant returned to his job, on a full time basis, on September 15, 1977. Thereafter, during the Spring of 1979, Claimant again began to demonstrate symptoms which suggested the possibility of heart failure. Considering Claimant's prior heart attacks, Claimant's treating physician, Thomas E. Baker, M.D., recommended that he stop working. Based on this advice, Claimant resigned his employment on July 1, 1979, and entered a cardiac rehabilitation program which included exercise, diet control and the avoidance of work-related stress.

Following a hearing on the claim petition, the referee found that Claimant's employment related stress was not only the cause of the 1977 heart attack, but was also the cause of the deterioration in Claimant's health

---

[1] Claimant was also found to be eligible for benefits for the period from July 14, 1977 through September 15, 1977. During this period, however, Claimant received a payment equivalent to wages under a health and accident policy provided by Employer. Consequently, the award for this period is limited to actual medical expenses incurred by Claimant.

which led to his resignation. The referee also found, however, that the effects of Claimant's employment on the pre-existing arteriosclerotic coronary artery disease had ceased by November 15, 1979. Based upon this latter finding, the referee's award of benefits concluded on November 15, 1979. Before this Court, Claimant contends that the decision of the referee is in error because Employer failed to prove that he is able to either return to his former employment or perform other available work.

The findings of fact regarding the termination of Claimant's disability are supported by the testimony of an examining physician, Milton J. Goldstein, M.D. Dr. Goldstein, who was aware of Claimant's medical history, conducted a physical examination of Claimant on November 15, 1979. Based upon the results of this examination, Dr. Goldstein unequivocally concluded that Claimant was no longer disabled. Clearly, medical testimony, which is not only unequivocal but also unrebutted, constitutes substantial evidence supporting the referee's finding that Claimant's disability had ceased on November 15, 1979. *See Bardo v. Workmen's Compensation Appeal Board,* 62 Pa. Commonwealth Ct. 497, 437 A.2d 456 (1981). Claimant, however, contends that he remains disabled. While Claimant may not enjoy complete recovery, since all of the disability caused by the work-related stress has ceased, Claimant is not entitled to benefits. *Cf. Bailey v. Workmen's Compensation Appeal Board,* 60 Pa. Commonwealth Ct. 338, 431 A.2d 1114 (1981) (termination petition granted where remaining disability was related to pre-existing back condition rather than work injury).

Finally, Claimant argues that, since he suffered a compensable disability, the cessation of benefits must be supported by Employer's proof that suitable work is available to Claimant. We disagree. When an em-

ployer proves that a work-related disability has ceased, proof is not required to show availability of work. *Fashion Prints v. Workmen's Compensation Appeal Board,* 57 Pa. Commonwealth Ct. 250, 425 A.2d 1221 (1981).

### ORDER

Now, March 14, 1983, the order of the Workmen's Compensation Appeal Board, number A-80694, dated July 23, 1981, is hereby affirmed.