Piper Aircraft Corporation, Petitioner *v.* Workmen's Compensation Appeal Board (Bibey), Respondents.

Argued October 15, 1984, to Judges Rogers, Doyle and Colins, sitting as a panel of three.

*Michael J. Wagner,* with him, *David P. Andrews, Evey, Routch, Black, Dorezas, Magee & Andrews,* for petitioner.

*Charles R. Rosamilia, Jr., Rosamilia & O'Connor,* for respondent, Margaret Bibey.

Opinion by Judge Doyle, January 4, 1985:

Piper Aircraft Company (Employer) appeals from an order of the Workmen's Compensation Appeal Board (Board) which reversed the referee's decision which had terminated the total disability payments to Margaret Bibey (Claimant). We affirm.

Claimant suffered a work-related injury to her lower back on February 21, 1979, and began receiving partial disability payments pursuant to a Notice of

Compensation Payable dated March 8, 1979. In March of 1980, a supplemental agreement was entered under which Claimant received total disability payments. Employer filed a petition for suspension in October of 1980, alleging that Claimant had returned to work without a loss in earning power. At that time Claimant denied that she was physically capable of performing any work available to her. After an initial hearing before the referee, Claimant was permitted by her physician to return to work as a "Reinforced Plastic Worker C," a position with similar pay, but which required less physical effort than her former position. Claimant performed this work from April 30, 1981 until May 29, 1981, when she quit, alleging that her pain and discomfort were too severe to continue. Additional hearings were held in which medical testimony was submitted as to Claimant's alleged disability. The referee accepted as credible the testimony of Dr. J. Joseph Danyo, an orthopedic surgeon, who examined Claimant on August 18, 1981. Dr. Danyo testified that as a result of his examination he concluded that Claimant was deliberately exaggerating and falsifying her disability because of her complete lack of motivation to work. Dr. Danyo stated that, although Claimant suffered some residual disability from her 1979 injury, such disability would not prevent her from performing light work which did not involve repeated bending or twisting, and did not require the lifting of more than twenty-five pounds. Other testimony established that the position of Reinforced Plastic Worker C, the work which Claimant had performed in April and May of 1981, qualified as such light work. Dr. Danyo testified that Claimant could return to this position on a part-time basis for a three-month trial period, at which time an additional examination would be required.

On the basis of this evidence, the referee found that Claimant was capable of performing the part-time work available to her, and that her failure to make a reasonable effort to perform such work constituted a voluntary removal from the labor market as of November 18, 1981, the date when Dr. Danyo's suggested three-month trial period would have been completed. Thus, the referee awarded benefits for Claimant's partial loss of earning power between August 18, 1981 and November 18, 1981, but terminated all benefits after that date.

On appeal, the Board reversed the determination of the referee and reinstated total disability benefits, concluding that, although there was evidence that Claimant was capable of performing the position of Reinforced Plastic Worker C as of August 18, 1981, there was no evidence to support the finding that such a position was available to the Claimant on that date. In addition, the Board concluded that the medical evidence of Dr. Danyo did not support a termination of benefits as of November 18, 1981.

In its appeal to this Court, Employer argues that the Board erred in reversing the referee's finding that work was available to the Claimant. An employer who seeks to reduce benefits from total to partial disability has the burden of showing that work is available to a claimant and that the claimant is capable of performing that work.[1]  *International*

---

[1] Where, as here, the party with the burden of proof has prevailed before the referee and the Board has taken no additional evidence, our scope of review is limited to a determination of whether constitutional rights were violated, an error of law was committed or necessary findings of fact were unsupported by substantial evidence. *Mobley v. Workmen's Compensation Appeal Board (Handy & Harman),* 79 Pa. Commonwealth Ct. 154, 468 A.2d 897 (1983).

*Petroleum Service v. Workmen's Compensation Appeal Board,* 60 Pa. Commonwealth Ct. 141, 430 A.2d 1055 (1981).

Employer contends that the referee's finding that work was available was supported by the evidence which indicated that Claimant actually performed the identical position of Reinforced Plastic Worker C in April and May of 1981. Although it is undisputed that this position was available in April of 1981, neither the findings nor the evidence support the claim that Claimant was capable of performing such work *at that time.* Indeed, Claimant was found to have quit work on May 29 due to her alleged physical disability.[2] The referee found only that the Claimant was capable of performing this work *as of August 18, 1981,* the date of Dr. Danyo's initial examination. The availability of work at an earlier date is therefore irrelevant. *See Livingston v. Workmen's Compensation Appeal Board (Upper Yoder Township),* 67 Pa. Commonwealth Ct. 497, 447 A.2d 715 (1982).

The only evidence of the availability of work after August 18, 1981 was given by Claimant's attorney, who admitted that the position of Reinforced Plastic Worker C was still available, but that Claimant was on "lay-off status". The Board dismissed this evidence because the attorney was not sworn to testify and did not testify to his personal knowledge of this fact. It is well settled, however, that an admission of an attorney during the course of a trial is binding

---

[2] We note that had there been a finding that Claimant was capable of performing the work in May of 1981, her loss of earning power after her quit would not have been the result of her disability due to injury, and could not have been compensated. Section 413 of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §772; *See Smith v. Workmen's Compensation Appeal Board (Futura Industries),* 80 Pa. Commonwealth Ct. 508, 512 n. 4, 471 A.2d 1304, 1306-07 n. 4 (1984).

upon his client. *Eldridge v. Melcher*, 226 Pa. Superior Ct. 381, 313 A.2d 750 (1973).

Despite our conclusion that the statement of Claimant's attorney is proper evidence, we must agree with the Board that it does not support the finding of work availability as a matter of law. It was on the basis of this evidence that the referee made the following finding of fact:

> That . . . if the part-time work . . . was not available to the claimant after February 25, 1982, the date of the last hearing; that the unavailability was due to the [Employer's] plant-wide lay-off due to economic conditions, and to the claimant's seniority standing, and not due to any physical limitations found by Dr. Danyo.

Although the referee apparently concluded that a claim of work availability could be rebutted only by evidence of physical limitations, it is clear that such a claim can also be rebutted by evidence that a claimant is not qualified in other respects for the work, or that he applied for the work and was rejected. *Yorktowne Paper Mills v. Workmen's Compensation Appeal Board*, 60 Pa. Commonwealth Ct. 608, 432 A.2d 308 (1981). Claimant's evidence that her seniority status and plant-wide lay-off would prevent her from being accepted for the position established only that work was *unavailable* to her as of February 25, 1982, the date of the hearing. Since there was no evidence to establish when this unavailability due to lay-off began, there is nothing in the record to establish whether the work was available to Claimant for any period after August 18, 1982.

It was Employer's burden to prove both that there was work available for Claimant and that she was capable of performing it *during the same period.* Both facts must coalesce if the employer is to succeed.

Employer failed in its burden by submitting no evidence of available work after August 18, 1982, the date when Claimant was shown capable of working. Thus, we find that the Board was correct in holding that the referee erred in finding that there was available work as of this date.[3]

Accordingly, we affirm the order of the Board reversing the decision of the referee and reinstating benefits to the Claimant.

### ORDER

Now, January 4, 1985, the decision and order of the Workmen's Compensation Appeal Board, No. A-84788, dated January 7, 1984, is hereby affirmed.

---

[3] Because we conclude that the referee erred in finding an availability of work, we do not reach the issue whether the Claimant's failure to accept work constituted a voluntary removal from the labor market justifying a termination of benefits.