103 Pa. Commonwealth Ct. 623 (1987)
520 A.2d 1256
Basil Luciani, Petitioner
v.
Workmen's Compensation Appeal Board (Brockway Glass Co., Corning Glass Co., Furnco Construction Co.), Respondents.
No. 3615 C.D. 1984.
Commonwealth Court of Pennsylvania.
Submitted on briefs October 7, 1986.
February 11, 1987.
*624 Submitted on briefs October 7, 1986, to President Judge CRUMLISH, JR., Judge DOYLE, and Senior Judge KALISH, sitting as a panel of three.
Alexander J. Pentecost, with him, Amiel B. Caramanna, Jr., for petitioner.
Dennis N. Persin, Stewart, Belden, Herrington & Belden, for respondent, Brockway Glass Company.
Edward A. McFarland, Grigsby, Gaca & Davies, P.C., for respondent, Furnco Construction Company.
OPINION BY JUDGE DOYLE, February 11, 1987:
This is an appeal by Basil Luciani (Claimant) from an order of the Workmen's Compensation Appeal Board (Board) which reversed the determination of a referee granting compensation benefits to Claimant except for a suspension from August 15, 1974 through October 22, 1974.
*625 Claimant had been employed as a sawman/bricklayer for various companies. His duties included cutting silica brick to various sizes. On July 23, 1974, claimant filed a petition alleging disability due to silicosis as of March 26, 1974. The named defendants in the action were Corning Glass Works (Corning) and Brockway Glass Company (Brockway). On May 28, 1975 Claimant filed another claim petition naming, in addition to Brockway and Corning, Furnco Construction Company. This time Claimant alleged a disability date of March 28, 1975. At the hearing Claimant stipulated that he wished to utilize the March 26, 1974 date as his disability date.
The referee found based on the testimony of Claimant's doctor that Claimant had been totally disabled as of March 26, 1974. The referee further found that this total disability continued with the exception of the period of August 15, 1974 through October 21, 1974. He determined that Claimant was subject to a suspension for this period because he had found light duty work with wages equal to or greater than those earned prior to his disability. The referee assessed liability only against Brockway and appeal to the Board followed.[1]
On appeal the Board concluded as a matter of law that Claimant had not sustained his burden of proving that he was "legally" disabled on March 26, 1974, but only that he was "medically" disabled.[2] It reasoned that because subsequent to the date of disability Claimant was employed for approximately nine weeks at wages equal to or greater than those he had earned before the *626 alleged disability, he had shown no "loss of earning power," a term synonymous with disability. We must thus decide whether a claimant who works at a light duty position for a period of some weeks subsequent to the date of the alleged total disability, and earns during that period of time wages equal to or greater than those earned before the alleged date of disability, is in fact disabled.
It is true that we have often held that the term disability is synonymous with a loss of earning power, see e.g. Jones & Laughlin Steel Corp. v. Workmen's Compensation Appeal Board, 35 Pa. Commonwealth Ct. 610, 387 A.2d 174 (1978), and that one who works cannot be totally and permanently disabled. See e.g. Airco Speer Carbon v. Workmen's Compensation Appeal Board, 38 Pa. Commonwealth Ct. 274, 392 A.2d 360 (1978). These propositions of law however, are not meant to disqualify totally a claimant, in a situation such as this, where substantial evidence supports a finding of permanent total disability[3] and Claimant was re-employed at light duty work[4] for a brief period of time which amounted to a mere intervening suspension of that total disability.
The distinction must be made between medical and legal disability. Claimant was medically and legally disabled as of March 1974, but he was not legally disabled *627 during the nine week period from August 15, 1974 through October 22, 1974 because he worked and had earnings. Claimant's short-term attempt to work should not, in our view, render his medical disability a nullity. Indeed, as his doctor explained, a disabled employee often will try for a period of time to go back to work. (RR 91a). There being no question that for the nine week period Claimant was not legally disabled, the suspension of benefits for that period ordered by the referee was proper. Otherwise, Claimant was permanently and totally medically and legally disabled and he was entitled to a reinstatement of benefits once his light duty job ended.
Based upon the foregoing opinion the order of the Board is reversed.

ORDER
NOW, February 11, 1987, the order of the Workmen's Compensation Appeal Board, No. A-82821 dated November 29, 1984 is hereby reversed and the order of the referee granting compensation and assessing liability against Brockway Glass Company is reinstated.
NOTES
[1] This case had been the subject of two prior remands by the Board which need not be explained for the purposes of the instant appeal.
[2] The terms "legally disabled" and "medically disabled" are those employed by the Board in its opinion.
[3] The referee's finding of total disability distinguishes this case from Montgomery v. Workmen's Compensation Appeal Board, 42 Pa. Commonwealth Ct. 143, 400 A.2d 253 (1979) cited by Brockway.
[4] Although the referee found that Claimant's job was light duty, he also found that he did "some work as a sawman." The Board stated in its opinion that the characterization of the work as light duty was not borne out by Claimant or the supervisor of Furnco in their respective testimony. In our view the Board usurped the referee's fact-finding power in making this statement.