544 A.2d 1106

Francis M. Zimcosky, Petitioner *v.* Workmen's Compensation Appeal Board (United States Steel Corporation), Respondents.

Submitted on briefs March 11, 1988, to President Judge CRUMLISH, JR., Judge COLINS, and Senior Judge BLATT, sitting as a panel of three.

*John M. Zeglen,* for petitioner.

*Robert C. Jones,* for respondent, United States Steel Corporation.

OPINION BY JUDGE COLINS, July 27, 1988:

Francis M. Zimcosky (claimant) appeals an order of the Workmen's Compensation Appeal Board (Board) which affirmed the referee's decision granting the suspension petition of United States Steel Corporation (employer).[1]

Claimant, a millwright, suffered an injury on June 12, 1984, during the course of his employment. Claimant was not immediately placed on workmen's compensation. On July 13, 1984, claimant's department was closed down and all workers in that department were placed on layoff status. At that time, claimant was placed on workmen's compensation pursuant to an Agreement for Disability for Permanent Injury, effective July 14, 1984. On or about November 30, 1984, claimant was examined by employer's plant physician, Dr. Karen Kuhns (Dr. Kuhns), who released him to return to his pre-injury job. However, because his department had been shut down, no job was available to him.

On December 31, 1984, the employer filed a Petition to Suspend benefits and requested a supersedeas which was granted. Several hearings were held on the suspension petition wherein both parties presented testimony as to claimant's injury. The referee suspended claimant's benefits as of November 30, 1984, based upon the report and deposition testimony of Dr. Kuhns. Claimant appealed to the Board, which affirmed the decision of the referee and dismissed claimant's appeal. The matter is now before us upon claimant's Petition for Review.

Claimant raises several issues on appeal: 1) whether the referee erred in concluding that the employer had

---

[1] Section 408 of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §732.

met its burden of proof absent evidence that work was available to claimant and that claimant was capable of doing such work; 2) whether the Board erred in failing to disregard the findings of fact of the referee because the referee failed to make findings of fact on the availability of work; 3) whether the Board failed to disregard the findings of fact of the referee because he capriciously disregarded competent evidence; 4) whether the Board erred in applying the wrong scope of review; and 5) whether the Board erred in failing to disregard the findings of facts of the referee because they were not supported by substantial evidence.

Initially, we must note that this Court's scope of review is limited to a determination of whether constitutional rights were violated, an error of law was committed or whether the necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704.

An employer who seeks to terminate or suspend a claimant's workmen's compensation benefits has the burden of proving that the claimant's disability has ceased or has been reduced, that work is available to the claimant and that the claimant is capable of doing such work. *Schiavo v. Workmen's Compensation Appeal Board (Frank's Beverages)*, 68 Pa. Commonwealth Ct. 479, 449 A.2d 816 (1982).

In the instant matter, the referee found that the claimant was able to return to his pre-injury job. However, the evidence established that claimant's job was no longer available, as the department had been shut down. In fact, all employees in claimant's department who were not on workers' compensation were placed on layoff status as of July 13, 1984.

The employer presented absolutely no testimony as to work availability in claimant's department, at its mill, or at any other job. Citing *Fashion Prints v. Workmen's Compensation Appeal Board*, 57 Pa. Commonwealth

Ct. 250, 425 A.2d 1221 (1981), the employer contends that work availability is not an issue in this case, as the claimant was able to return to his pre-injury job. Employer goes on to state that the referee concluded that the claimant was capable of performing his former job as a millwright and that simply because that job had been eliminated by a shutdown did not require the employer to prove work availability. We must disagree.

In *Fashion Prints*, the claimant's disability had ceased altogether. In the instant matter, the referee did not find that the claimant's disability had ceased entirely, but instead, found that the claimant still suffers from an indefinite residual disability. Claimant's benefits were suspended in this matter, not terminated. We must conclude that where a referee determines that a claimant suffers from an indefinite residual disability that is causally related to the compensable injury, the employer bears the burden of proving work availability.

Clearly, claimant's former job was not available, as there was a departmental closing and a mill-wide layoff. As in the case of *Piper Aircraft Corp. v. Workmen's Compensation Appeal Board (Bibey)*, 86 Pa. Commonwealth Ct. 614, 485 A.2d 906 (1985), the employer in the instant matter has failed to meet its burden of proving that there is work available to the claimant, in the face of a plantwide layoff.[2]

In keeping with the principles set forth in *Kachinski v. Workmen's Compensation Appeal Board (Vepco Construction Company)*, 516 Pa. 240, 532 A.2d 374 (1987), we must impose the burden of proving work availability upon an employer where the claimant retains some residual disability and where the employer has eliminated

---

[2] Although we find the factual scenario in *Piper* distinguishable from the instant matter, we make reference to *Piper* because it addresses the work availability issue with respect to a plant layoff.

the job position to which the claimant was to return. In *Kachinski,* it was noted by the Pennsylvania Supreme Court that the successful return of a claimant to the job market would depend upon a good faith effort by both the employer and the claimant. This was to be evidenced by the employer's good faith attempt to return the injured claimant to productive employment, rather than the mere avoidance of the payment of compensation.

Our review of the instant matter leads us to conclude that the employer has not made a good faith attempt to return the claimant to the work force. In fact, the employer here requested the suspension of benefits and now submits that it should not be made to bear the burden of proving work availability where it in fact has eliminated the job to which it alleges the claimant can return. The referee erred in concluding that the employer carried its burden of proof in this suspension petition and failed to make findings of fact on work availability. Therefore, we must reverse the decision of the Board suspending benefits.[3]

## ORDER

AND NOW, this 27th day of July, 1988, the Order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby reversed.

---

[3] We fail to reach the remaining arguments raised by claimant, as we have concluded that the employer has failed to carry its burden of proving work availability and reverse the decision of the Board on that basis.

---

DISSENTING OPINION BY PRESIDENT JUDGE CRUMLISH, JR.:

I respectfully dissent.

The Courts of this Commonwealth have held that "disability is to be regarded as synonymous with 'loss of

earning power.' " *Unora v. Glen Alden Coal Co.*, 377 Pa. 7, 12, 104 A.2d 104, 107 (1954). *See also Lash v. Workmen's Compensation Appeal Board*, 491 Pa. 294, 420 A.2d 1325 (1980); *Luciani v. Workmen's Compensation Appeal Board (Brockway Glass Co.)*, 103 Pa. Commonwealth Ct. 623, 520 A.2d 1256, *appeal denied*, 516 Pa. 644, 533 A.2d 415 (1987).

The referee found that Zimcosky was "capable of returning to his former regular work with an 'indefinite residual disability' which would not affect his earnings or earning power." Finding of Fact No. 8, Referee's Decision. In effect, the referee has inconsistently found that Zimcosky has a residual disability but is not disabled. There is, of course, a difference between the medical and legal definitions of disability, *Luciani*. However, unless the referee finds that a claimant is legally disabled—that is, has manifested a loss of earning power—the employer should not be burdened to show work availability. Under *Kachinski*, an employer is required to prove job availability when the claimant is *not able* to perform his pre-injury duties. Here, the referee expressly found credible and accepted the employer's medical testimony that Zimcosky was capable of performing his regular job.

I would affirm.